FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAR -7 AM 9:31

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DENVER FENTON ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-052 |
| | ) | |
| DENNIS BROWN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on October 31, 2012, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint and was provided instructions to follow in amending his pleadings.[1]

---

[1] In particular, the Court observed that Plaintiff provided "little factual detail" in support of the allegations in his original complaint, and that his original complaint generally failed to provide the defendants named therein "with notice of the specific factual allegations raised against them or to set forth necessary details concerning how the actions undertaken by them

(Doc. no. 16.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen.[2] (Doc. no. 24.)

I. **BACKGROUND**

In his amended complaint, Plaintiff names the following eight Defendants: (1) ASMP; (2) Georgia Department of Corrections ("GDOC"); (3) Dennis Brown, Warden at ASMP; (4) Scott Wilks, Deputy Warden of Care and Treatment at ASMP; (5) Dr. Young; (6) Dr. Billy Nicols, Medical Director at ASMP; (7) Lula Beard, a nurse at ASMP; and, (8) Larry Sims, a physician assistant at ASMP.[3] (See doc. no. 1, pp. 1-8; doc. no. 24, pp. 1, 4.)[4] Plaintiff alleges that his "worst" medical issues are priapism, an ear infection, and an aspiration (a piece of plastic in his lung), "none of which med. acknowledges," and that he also suffers from other unspecified medical issues. (Doc. no. 24, p. 5.) According to Plaintiff, Defendants Beard,

---

may have violated his constitutional rights." (Doc. no. 16, pp. 3-4.) The Court thus specifically directed Plaintiff to include in his amended complaint "(i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred." (Id. at 5.)

[2]Plaintiff sought, and was granted, multiple extensions of time to comply with the Court's October 31st Order. (See doc. nos. 17-22.)

[3]Of note, the Court has spelled the names of the Defendants as they were spelled by Plaintiff in his amended complaint. (See doc. no. 24, pp. 1, 4.)

[4]In his amended complaint, Plaintiff names the same eight Defendants as he named in his original complaint. (See doc. no. 1, pp. 1-8; doc. no. 24, pp. 1, 4.) In his original complaint, Plaintiff also provided the Defendants' occupations at ASMP, though he omitted that information from his amended complaint with the exception of Defendant Nicols. While Plaintiff's amended complaint supersedes his original complaint in his entirety, the Court thus draws from Plaintiff's original complaint for the limited purpose of identifying the various Defendants' alleged positions at ASMP during the relevant time period.

2

Sims, Young, and Nicols have been "refusing or neg[lecting]" his medical issues at "every" appointment between January 4, 2010, and January 6, 2013. (Id.) Plaintiff further asserts that Defendants Beard, Sims, Young, and Nicols did not treat his medical problems "sufficiently or adequately" during this time period, and that he has been treated "inadequately" and "in wrong form." (Id.)

Plaintiff next avers that Defendant Nicols gave him a shot of Lupron "that Jack Fuller said was tampered with" and that Defendant Nicols "intended to kill" Plaintiff. (Id.) Plaintiff reports that he had a stroke. (Id.) Plaintiff also alleges that Defendant Nicols is "refusin[g]" to give Plaintiff "any add[itional] treatment Urology ordered in 2011 or 2012." (Id.) Plaintiff alleges that his penis is being continually damaged by the priapism and that he fears it may cause him to become impotent. (Id. at 5-6.)

According to Plaintiff, Defendants Wilks and Brown were "thoroughly made full aware" of the alleged negligence and that they "let it continue" and "made/wrote false statements" in responses to grievances. (Id. at 5.) Plaintiff similarly alleges that all "medical personelle (sic)," as well as GDOC and ASMP "Admn," have been "made aware" through grievance materials. (Id.) Plaintiff requests monetary damages and various forms of injunctive relief, including "class 'A' treatment" and referrals to "outside Urology, E.N.T., [and a] lung specialist." (Id. at 6.)

## II. DISCUSSION

### A. Failure to State a § 1983 Claim

First of all, Plaintiff's allegations fail to state a § 1983 claim upon which relief may be

3

granted.

### 1. Failure to State a § 1983 Claim against GDOC

As a governmental entity, GDOC is not subject to liability based on Plaintiff's claims against it. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Moreover, § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").

In short, the Eleventh Amendment bars the § 1983 claims that Plaintiff is attempting to assert against GDOC, which is a state-run entity entitled to Eleventh Amendment immunity. See Stevens, 864 F.2d at 115 ("The Eleventh Amendment bars this [§ 1983] action against the

4

Georgia Department of Corrections and Board of Corrections.") (citing Pugh, 438 U.S. at 782). Plaintiff has therefore failed to state a claim upon which relief may be granted against GDOC, and it should be dismissed from this case.

### 2. Failure to State a § 1983 Claim against ASMP

Plaintiff's allegations are likewise insufficient to state a claim against Defendant ASMP, which is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is be determined . . . by the law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Put another way, the Court is not aware of any applicable precedent for recognizing a state prison as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sebastian v. Maynard, 2010 U.S. Dist. LEXIS 86017, at *4 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, 2009 U.S. Dist. LEXIS 71419, at *2 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). In accordance with these

decisions and Plaintiff's failure to show that ASMP is subject to a § 1983 suit, the Court finds that ASMP is not subject to liability for any of the allegations in Plaintiff's complaint. Plaintiff has therefore failed to state a claim against Defendant ASMP, and it should be dismissed from this case.

### 3. Failure to State a Deliberate Indifference Claim against Defendants Beard, Sims, Young, and Nicols

Plaintiff alleges that Defendants Beard, Sims, Young, and Nicols provided him inadequate medical care. "The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Claims of deliberate indifference to serious medical needs are evaluated under a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

To state a claim for deliberate indifference that violates the Eighth Amendment, the facts alleged must demonstrate "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007); see also Farmer, 511 U.S. at 837. To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; Thomas, 614 F.3d at 1304 (explaining that the

deliberate indifference standard requires a prison official to have disregarded an excessive risk of which he was actually aware).

Furthermore, to state a valid deliberate indifference claim, a plaintiff must allege medical care that is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). The Eleventh Circuit has held that allegations of an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain may suffice in this regard. Id. at 1543-44. Allegations of mere negligence or malpractice, in contrast, do not amount to deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not give rise to a valid claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); Adams, 61 F.3d at 1546; Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, Plaintiff alleges that he is suffering from an unspecified number of medical issues, and he lists three: priapism, an ear infection, and aspiration (a piece of plastic in his lung), "none of which med. acknowledges." (Doc. no. 24, p. 5.) Yet Plaintiff also claims that there are multiple times he has been "mal-practiced on," and that Defendants Beard, Sims, Young, and Nicols have refused him "adequate treatment" at "every" appointment, have not treated his medical problems "sufficiently," or have treated him "in wrong form." (Doc. no. 24, p. 5.) Similarly, Plaintiff alleges that Defendant Nicols is refusing to give him "add[itional] treatment

7

Urology ordered in 2011 or 2012," and he requests "class 'A' treatment" and referrals to "outside Urology, E.N.T., [and a] lung specialist." (Id. at 5-6.)

All of this suggests that Plaintiff *is* receiving medical attention, but that he regards it as inadequate. A mere difference of opinion between Plaintiff and prison medical officials over the treatment he is being provided does not give rise to a valid claim of deliberate indifference, however. Smith, 375 F. App'x at 910; see also Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.) (noting that the Eighth Amendment does not require that medical care provided to prisoners be "perfect, the best obtainable, or even very good."). Otherwise, it appears that Plaintiff is primarily alleging – albeit in largely conclusory fashion[4] – various instances of negligence or medical malpractice, which is likewise not actionable under the Eighth Amendment.[5] See Harris, 941 F.2d at 1505. Accordingly, Plaintiff fails to state a viable

---

[4]Plaintiff repeatedly asserts that Defendants were negligent or committed medical malpractice without providing any factual detail. Even if negligence or medical malpractice were actionable under the Eighth Amendment, such vague and conclusory allegations are insufficient to state a viable claim. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Plaintiff acknowledges the lack of factual detail in his amended complaint, but he alleges that he has filed grievances which are "detailed" and show the "dates" and "mult[iple] times" he has been "neglected or mal-practiced on," and he requests a "court order" to retrieve those grievances. (Doc. no. 24, p. 5.) The Court is simply not persuaded, however, that Plaintiff requires access to grievances *he* completed about *his own* medical care in order to provide such details, particularly as Plaintiff alleges repeated instances of purportedly inadequate medical care over the course of more than three years.

[5]The only episode of medical treatment that Plaintiff describes in any detail concerns a shot of Lupron he was given by Defendant Nicols that purportedly caused him to suffer a stroke. (See doc. no. 24, p. 5.) Aside from his entirely speculative and conclusory allegations of tampering or that Defendant Nichols "intended to kill" him, however, Plaintiff has at most alleged an incident of negligence or medical malpractice, which is insufficient to state a violation of the Eighth Amendment. See, e.g., McElligot v. Foley, 182 F.3d 1248, 1256-57

§ 1983 claim for deliberate indifference to a serious medical need against Defendants Beard, Sims, Young, and Nicols.

### 4. Failure to State a Supervisory Liability Claim Against Defendants Brown and Wilks

Finally, Plaintiff attempts to hold Defendants Brown and Wilks, the Warden and Deputy Warden of Care and Treatment at ASMP respectively, responsible for the purported misconduct of other named Defendants at ASMP. Even if he had stated a claim under the Eighth Amendment against Defendants Beard, Sims, Young, and Nicols, however, Plaintiff's claims against Defendants Brown and Wilks fail to the extent he is attempting to hold them responsible for the acts of their subordinates.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff alleges that Defendants Brown and Wilks were "aware" of the alleged negligence[6] and "let it continue." (Doc. no. 24, p. 5.) Nowhere, however, does Plaintiff allege

---

(11th Cir. 1999) (finding that district court correctly concluded that even if missed diagnosis was "extremely negligent," it did not amount to deliberate indifference.).

[6]The Court is aware, as noted supra, that negligence with respect to medical care is not a constitutional violation. See Harris, 941 F.2d at 1505.

9

that Defendants Brown and Wilks actually participated in depriving him of medical care or providing him inadequate medical care. To the contrary, Plaintiff clearly states that it was Defendants Beard, Sims, Young, and Nicols who gave him purportedly inadequate treatment (id.), and Plaintiff does not allege that Defendants Brown and Wilks participated personally in Plaintiff's medical treatment.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Brown and Wilks and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). "The causal connection can be established when a history of widespread abuse[7] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)). Plaintiff has not made the necessary showing with respect to Defendants Brown and Wilks.[8]

---

[7]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[8]The Court is aware of Plaintiff's allegations that Defendants Brown and Wilks were "made aware" of the alleged negligence and that they "let it continue" and issued "false" responses to grievances. Notably, Plaintiff provides no explanation of what in particular he

10

Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendants Brown and Wilks, and they should be dismissed from this case.

In sum, Plaintiff's allegations fail to state a § 1983 claim upon which relief may be granted. Therefore, Plaintiff's amended complaint should be dismissed.

## B. Abuse of the Judicial Process

Even if Plaintiff's amended complaint were not subject to dismissal for failure to state a claim, however, this case would be due to be dismissed without prejudice for Plaintiff's abuse of the judicial process. A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[9]

---

informed Defendants Brown and Wilks about or how their responses were "false." In any event, taking Plaintiff's allegation to be that Defendants Brown and Wilks knew about his purportedly inadequate medical care and failed to correct it, Plaintiff does not satisfy the burden of putting supervisors on notice of a widespread problem or otherwise show that the supervisors were directly involved with Plaintiff's alleged claims. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

[9]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[10] (Doc. no. 24, pp. 1-3.) Under penalty of perjury, Plaintiff identified only two other previous cases, Allen v. Bartow Cnty. Jail/Sheriff's Dep't, 4:11-cv-00189-HLM-WEJ (N.D. Ga. July 14, 2011) and Allen v. Owens, CV 112-143 (S.D. Ga. Sept. 21, 2012). (Doc. no. 24, pp. 2-3.) However, the Court is aware of another § 1983 case that Plaintiff previously filed in federal court in which he was allowed to proceed IFP and which was dismissed as frivolous. See Allen v. Millsap, 4:12-cv-00290-HLM (N.D. Ga.

---

federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[10]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 24, p. 2.)

Jan. 2, 2013). Thus, Plaintiff clearly provided false information about his prior filing history in his amended complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[11]

---

[11] The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

13

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Accordingly, this case would also be subject to dismissal without prejudice as a sanction for Plaintiff's abuse of the judicial process.[12] See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right.").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of March, 2013, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[12] The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006).